**1535-15**

ORIGINAL

In the Court of Criminal
Appeals of Texas

RECEIVED IN
COURT OF CRIMINAL APPEALS

NOV 24 2015

Abel Acosta, Clerk

Jason Robert Adams
V.
The State of Texas

From the second Court of Appeals, Cause no. 02-15-00056-cr
and the criminal District court Number One of
Tarrant County, Texas Cause no. 1362060D
The Honorable Elizabeth Beach, Presiding Judge

FILED IN
COURT OF CRIMINAL APPEALS

NOV 24 2015

Abel Acosta, Clerk

Petition for Discretionary Review

Pro Se, Jason Robert Adams
Jason Adams # 1980073
13055 FM 3522
Abilene, Texas 79601

November 18, 2015

# Table of Contents

| | |
|---|---|
| Table of contents | I |
| Parties and counsel | II |
| Index of authorities | III |
| Statement of the case | 1 |
| Statement regarding oral argument | 1 |
| Statement of procedural history | 1,2 |
| Grounds for review | 2 |
| Argument | 3,4,5 |
| Prayer of relief | 6 |
| Certificate of service | 6 |
| Appendix | 7 |

I

## Parties And Counsel

1. Jason Adams, TDCJ# 1980073
John Middleton Unit
13055 FM 3522
Abilene, TX 79601

   Appellant - Pro se

2. Steven King
P.O. Box 16178
Fort Worth, Texas 76161

   Attorney for Appellant (trial)

Tim Cole
222 West Exchange Ave.
Fort Worth, Texas 76164

   Attorney for Appellant (appeal)

3. Debra Windsor
Assistant Criminal District Attorney
Tim Curry Justice center
401 W. Belknap,
Fort Worth, Texas 79616

   Attorney for State

4. Hon Elizabeth Beach
Judge Criminal District court No. 1
Tim Curry Criminal Justice center
401 W. Belknap
Fort Worth, Texas 76196

   Trial court Judge

5. Justice Bill Meire
Second court of Appeals
in Fort Worth, Texas

Justice Bonnie Sudderth
Second court of Appeals
in Fort Worth, Texas

Chief Justice Terrie Livingston
Second court of Appeals
in Fort Worth, Texas

   Appellant Justices

II

# Index of Authorities

## U.S cases

1) Jackson V. Virginia  443 U.S 307, 319, 99 5ct 2781 (1979)          3

2) Manson V. Brathwaite 432 U.S 98, 53 L.Ed. 2d 140 97 5ct 2243 (1977) 5

3) Simmons V. United States 390 U.S 377, 19 L.Ed. 2d 1247 88 5ct 967 (1968)   5


## State cases

1) Delgado V. State   235 SW 3d 244 ( Tex crim App. 2007)          4

2) Garrett V. State  749 SW 2d 787 (Tex crim App. 1986)           3

3) Jones V. State   815 SW 2d 667 (Tex crim App. 1991)            3

4) Madden V. State  749 SW 2d 683 (Tex crim App. 1990)           5

## Statement of Case

Appellant was indicted by a Tarrant County Grand Jury for Aggravated assault causing serious bodily injury. Appellant was tried in the criminal District Court No. One. Judge Elizabeth Beach presiding. The jury reached a guilty verdict and appellant was sentenced to 25 years in the TDCJ institutional division. The second Court of appeals affirmed the conviction, holding that the appeal was wholly frivolous and without merit but failed to address the issues that appellent argued in pro-se brief. This petition challanges that holding.

## Statement Regarding Oral Argument

Appellant believes that oral argument would be benaficial to his appeal by further demonstrating facts that could not be gleaned from paper argument.

## Statement of Procedural History

On July 12,2015 Appellants court-appointed counsel filed an anders brief along with a motion to withdraw from counsel. On August 26, 2015 Appellant filed a pro-se brief. The state did not submit a brief and on

1

October 22, 2015 The case was submitted to the Second Court of Appeals without oral argument, before a panel consisting of Chief Justice Livingston, Justice Meier and Justice Sudderth. On October 29, 2015 the Second Court of Appeals ordered that the judgement of the trial court was affirmed. Appellant did not file a motion for rehearing.

## Grounds for Review

1.

The Court of Appeals erred in affirming judgement although jury charge, which included an abstract instruction on theory of parties, failed to include law of parties to the facts of the case in the application paragraph. (clerks rec P.28-29) The court of appeals failed to address this issue in its opinion.

2.

The Court of Appeals erred in affirming judgment although Appellants constitutional rights were violated under the Fourteenth Amendment due to a misidentification in-court identification an a tainted out-of-court identification single photo line-up. The Court of Appeals failed to address this issue in its opinion.

2

## Argument

1. Appellant will show that the evidence is legally insufficient to support his conviction under the Jackson v Virginia, 443 US 307, 319, 99 S ct. 2781 (1979) when the trial court introduced an abstract definition on law of parties but failed to include that theory to the application paragraph of the jury charge. (Clerks rec P.28-29). Both prosecutors repeatedly reffered to the law of parties as the primary reason why the jury should convict Appellant (Rep. rec Vol.4 P.61-65) and relied heavily on the law of parties in their closing arguments, by stating "Its the most important part of this charge". (Rep. rec. Vol.4 P.77-80). Appellants case is very similar to Jones V State 815 SW 2nd 667 (Tex crim App 1991) In order to convict Appellant as a party, law of parties had to be incorporated within the application paragraph of the jury charge, even though abstract version of the jury charge defines the theory. Therefore, the jury was authorized to convict Appellant upon that theory. Mere juxtaposition does not amount to authorization. See Garrett V. State 749 SW 2nd 787 (Tex crim App. 1986). Garrett is one in a long line of cases which stand for the proposition that the application paragraph of the jury charge is that which authorizes convictions and an abstract charge on a theory of law which is not applied to the facts is insufficient to bring that theory before the jury. The trial courts failed to apply the law of parties to the

3

facts of the case was not mere "trial error" requiring only reversal, but instead requires acquittal of Appellant under double jeopardy rule, where Appellant, if guilty was only guilty as a party. It is the function of the jury charge to lead and prevent confusion. See Delgado V. State 235 SW 3d 244 (Tex Crim App. 2007). Case law states that a charge which contains an abstract paragraph on a theory of law but does not apply the law to the facts deprives the defendant of a fair and impartial trial. Appellant respectfully requests that this court grant this review to determine if he was given an unfair trial due to errors in the jury charge.

2. The factors considered in evaluating the likelyhood of misidentification include the opportunity of the witness to view the criminal at the time of the crime. The witness degree of attention, the accuracy of the witnesses prior description of the criminal and the length of time between the crime and the confrontation. The eyewitness Justin Hughes was unable to give a description to the police the might of the assult, and days and months later. As well as in trial he never identifies the Appellant in open court. When reviewing Richard Jag Nathans testimony, the in-court identification is inadmissable as it was tainted by an out-of-court

4

identification where the Hurst police Dept. showed Nathan a single photo line up 4 days later telling him these are the two. Prior to that Nathans only identity was that the Appellant was taller. However, this single photo line up was impermissably suggestive of the Appellant. See Simmons V United States 390 us 377 19 L. Ed. 2d. 1247. 88 Sct 967 (1968) In Manson V Brathwaite 432 US 98, 53 L Ed 2d 140 97 Sct. 2243 (1977) The court adopted the biggers factors but emphasized that "The standard, after all, is that of fairness as required by the due process clause of the Fourteenth Amendment" 432 U.S at 113. In Madden V. State 799 SW 2d 683, 695 (Tex. crim App. 1990) "The process of showing a single photograph to the prosecuting witness is condemned." The one photograph shown to Richard Jag Nathans by the Hurst police Dept simply stated that this is the man who committed the assult. Whether this was called a line up or some other procedure, it was impermissibly suggestive and resulted in a substantial likelihood of irreparable misidentification. Appellant respectfully request that this court grant this review to determine if his rights were violated under the fourteenth amendment.

5

## Prayer for Relief

Appellant respectfully prays that this court reverse the judgment of the court of Appeals, and remand this case to the trial court for a judgment of acquittal.

Respectfully Submitted,

Jason Robert Adams
Jason Adams, pro-se

## Certificate of Service

Where fore, premises are considered Appellant states that everything in this petition is true and correct to the best of his knowledge, and a copy of the foregoing has been sent to the court of Criminal Appeals in Austin, Texas on this November 18, 2015

Respectfully submitted,

Jason Robert Adams
Jason Adams, pro-se

6

Appendix

Tab

1. Judgment of court of appeals, dated October 29, 2015

2. Memorandum opinion of court of appeals, dated October 29, 2015

7



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 02-15-00056-CR**

| | | |
|---|---|---|
| Jason Robert Adams | § | From Criminal District Court No. 1 |
| | § | of Tarrant County (1362060D) |
| v. | § | October 29, 2015 |
| | § | Opinion by Justice Meier |
| The State of Texas | § | (nfp) |

## JUDGMENT

This court has considered the record on appeal in this case and holds that there was no error in the trial court's judgment. It is ordered that the judgment of the trial court is affirmed.

SECOND DISTRICT COURT OF APPEALS

By _____
Justice Bill Meier

TAB 1



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-15-00056-CR

JASON ROBERT ADAMS                                    APPELLANT

V.

THE STATE OF TEXAS                                          STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY
TRIAL COURT NO. 1362060D

----------

## MEMORANDUM OPINION[1]

----------

A jury convicted Appellant Jason Robert Adams of aggravated assault causing serious bodily injury and, after Adams pleaded true to the habitual offender allegation, assessed his punishment at twenty-five years' confinement.

Adams's court-appointed appellate counsel has filed a motion to withdraw and a brief in support of that motion. Counsel avers that in his professional

----

[1]*See* Tex. R. App. P. 47.4.

TAB 2

opinion, the appeal is frivolous. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See* 386 U.S. 738, 87 S. Ct. 1396 (1967). This court informed Adams that he may file a pro se brief, and he did so. The State did not submit a brief.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record, counsel's brief, and Adams's pro se brief. We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we grant counsel's motion to withdraw, deny as moot Adams's motion for withdrawal and appointment of new counsel, and affirm the trial court's judgment.

*Bill Meier*

BILL MEIER
JUSTICE

2

PANEL: LIVINGTON, C.J.; MEIER and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: October 29, 2015